UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------

PETER VARGA,

                         Plaintiff,

     -against-

FLOWCON, INC. and GRAND MERCI LLC,

                        Defendants.
----------------------------------------------

CASE NO.   22-cv-07477

**COMPLAINT AND**
**JURY DEMAND**

          Plaintiff, by and through attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1.      This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants, as well as violations of New York Labor Law, on May 18, 2022, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2.      Jurisdiction is predicated upon 28 U.S.C. §1332 (a)(2) as plaintiff has not yet been granted the privilege of remaining permanently in the United States.

3.      The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4.      Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

## III. THE PARTIES

5.      At all times herein mentioned, plaintiff PETER VARGA was and still is a citizen and resident of Hungary.

6.      The defendant FLOWCON, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New Jersey, licensed to do

business in New York, with its principal place of business situated in the County of Union and the State of New Jersey.

7.      The defendant GRAND MERCI LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of California, with its principal place of business situated in the County of Los Angeles and the State of California.

8.      At all times herein mentioned, Theodore Shu was and still is a member of defendant GRAND MERCI LLC.

9.      At all times herein mentioned, Theodore Shu was and still is a citizen and resident of California.

## IV. FACTUAL ALLEGATIONS

10.     On May 18, 2022, plaintiff PETER VARGA was performing certain construction work at the premises located at 65 Irving Place, New York, New York 10016 [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

11.     On May 18, 2022, plaintiff PETER VARGA was employed by LSJ Custom Finish Carpentry LLC.

12.     At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GRAND MERCI LLC.

13.     At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant FLOWCON, INC.

14.     That at some point prior to May 18, 2022, defendant GRAND MERCI LLC, entered into an agreement with defendant FLOWCON, INC., wherein and whereby it was agreed, among

other things, that defendant FLOWCON, INC. would perform construction work and provide labor services at the subject premises.

15.     That on May 18, 2022, defendant FLOWCON, INC. was the general contractor working at the subject premises for defendant GRAND MERCI LLC.

16.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

17.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

18.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

19.     That at some point prior to May 18, 2022, defendant FLOWCON, INC. entered into an agreement with LSJ Custom Finish Carpentry LLC, wherein and whereby it was agreed, among other things, that LSJ Custom Finish Carpentry LLC would perform construction work and provide labor services at the subject premises.

20.     That on May 18, 2022, LSJ Custom Finish Carpentry LLC was the subcontractor working at the subject premises for defendant FLOWCON, INC.

21.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

22.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

23.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

24.     That at some point prior to May 18, 2022, defendant GRAND MERCI LLC, entered into an agreement with LSJ Custom Finish Carpentry LLC, wherein and whereby it was agreed, among other things, that LSJ Custom Finish Carpentry LLC would perform construction work and provide labor services at the subject premises.

25.     That on May 18, 2022, LSJ Custom Finish Carpentry LLC was a contractor working at the subject premises for defendant GRAND MERCI LLC.

26.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

27.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

28.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

29.     That thereafter, and on or about May 18, 2022, defendant FLOWCON, INC. was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GRAND MERCI LLC.

30.     That thereafter, and on or about May 18, 2022, LSJ Custom Finish Carpentry LLC was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant FLOWCON, INC.

31.     That thereafter, and on or about May 18, 2022, LSJ Custom Finish Carpentry LLC was actually engaged in performing construction work and labor services at the subject premises,

which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GRAND MERCI LLC.

32.     That at all times herein mentioned, and or about May 18, 2022, plaintiff PETER VARGA was actually engaged in the course of employment as a construction laborer by LSJ Custom Finish Carpentry LLC, which said contractor was engaged by defendant FLOWCON, INC. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FLOWCON, INC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

33.     That at all times herein mentioned, and or about May 18, 2022, plaintiff PETER VARGA was actually engaged in the course of employment as a construction laborer by LSJ Custom Finish Carpentry LLC, which said contractor was engaged by defendant GRAND MERCI LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GRAND MERCI LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

34.     That on or about May 18, 2022, and while plaintiff PETER VARGA was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer LSJ Custom Finish Carpentry LLC, plaintiff was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was caused to sustain grievous personal injuries.

35.     That at all times herein mentioned, and on or about May 18, 2022, defendant FLOWCON, INC., its agents, servants and/or employees reserved onto itself a duty of general

supervision, direction and control of the work being performed at the subject premises by LSJ Custom Finish Carpentry LLC, plaintiff's employer.

36.     That at all times herein mentioned, and on or about May 18, 2022, defendant FLOWCON, INC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by LSJ Custom Finish Carpentry LLC, plaintiff's employer.

37.     That at all times herein mentioned, and on or about May 18, 2022, defendant GRAND MERCI LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by LSJ Custom Finish Carpentry LLC, plaintiff's employer.

38.     That at all times herein mentioned, and on or about May 18, 2022, defendant GRAND MERCI LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by LSJ Custom Finish Carpentry LLC, plaintiff's employer.

39.     Defendant FLOWCON, INC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff PETER VARGA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

40.     Defendant FLOWCON, INC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

41.     Defendant FLOWCON, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

42.     Defendant FLOWCON, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

43.     Defendant FLOWCON, INC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

44.     Defendant FLOWCON, INC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

45.     Defendant GRAND MERCI LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff PETER VARGA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

46.     Defendant GRAND MERCI LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

47.     Defendant GRAND MERCI LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

48.     Defendant GRAND MERCI LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

49.     Defendant GRAND MERCI LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

50.     Defendant GRAND MERCI LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

51.     That on or about May 18, 2022, while working at the subject premises, plaintiff PETER VARGA was caused to fall from an elevated height.

52.     By reason of the foregoing, plaintiff PETER VARGA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and plaintiff will permanently cause to suffer pain, inconvenience and other effects of such injuries plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff PETER VARGA will be unable to pursue plaintiff's usual duties with the same degree of efficiency as prior this accident, all to plaintiff's great damage.

## V. <u>FIRST CAUSE OF ACTION</u>

53.     The allegations of the preceding paragraphs are repeated here as if fully stated.

54.     Plaintiff PETER VARGA was injured due to defendants' negligence, carelessness and recklessness as stated herein.

55.     Plaintiff PETER VARGA has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VI. <u>SECOND CAUSE OF ACTION</u>

56.     The allegations of the preceding paragraphs are repeated here as if fully stated.

57.     On May 18, 2022, plaintiff PETER VARGA was a worker/laborer within the contemplation of Labor Law Sections 200 <u>et. seq.</u>, and is a person for whom the statutory rights and protections of those sections apply.

58.     The work contracted for by the defendant FLOWCON, INC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

59.     The work contracted for by the defendant GRAND MERCI LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

60.     Plaintiff PETER VARGA was injured due to violations of New York Labor Law Sections 200, 240(1), and/or 241(6).

61.     Plaintiff PETER VARGA was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

62.     Plaintiff PETER VARGA has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VIII. <u>DEMAND FOR TRIAL</u>

63.     Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, for the second cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated:  Port Chester, New York
          August 31, 2022

_____
**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.   22-cv-07477
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER VARGA,

                  Plaintiff,


     -against-

FLOWCON, INC. and GRAND MERCI LLC,
                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## COMPLAINT AND JURY DEMAND


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777